

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. L. West
County Auditor
Van Zandt County
Canton, Texas

Dear Sir:

Opinion No. O-5530
Re: Is the County Judge of Van
Zandt County entitled to
the fees and commissions
earned under Article 3926,
Section 1, if his salary
is paid according to Article
3912e, Section 13?

Your request for an opinion on the above matter has been received and carefully considered. We quote said request as follows:

"The County Judge's salary in Van Zandt County is based upon Article 3912-E, Sec. 13, and under the old fee system I understand the County Judge did not have to report as fees of office the commissions earned under Article 3926, Sec. 1. Is the County Judge of Van Zandt County entitled to the fees earned under Article 3926, Sec. 1, if his salary is paid according to Article 3912-E, Sec. 13?"

Section 4 of Article 3912e, Vernon's Annotated Texas Civil Statutes, is as follows:

"Sec. 4. In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas.' Such fund shall be kept separate and apart from all other

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable S. L. West -- Page 2

county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds."

This section applies to all counties having a population less than 190,000 inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of the Salary Law. Your county has a population of 31,155 according to the last preceding Federal Census, therefore, this provision of the statute applies to your county, and we presume it has been and is being complied with.

Section 5 of Article 3912e, Vernon's Annotated Texas Civil Statutes, provides in part as follows:

"Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. . . . ."

All officers who are compensated on a salary basis are specifically required to collect all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them, and such fees and commissions, when collected, must be deposited in the Officers' Salary Fund. Therefore, it is the duty of your County Judge to deposit in the Officers' Salary Fund all fees and commissions earned and collected by him under Article 3926, Section 1.

Honorable S. L. West — Page 3

Section 3 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Sec. 3. In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices; but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; . . . ."

It is clear, we think, under this provision of the Salary Law that all county officers subject thereto shall be compensated for their services only by the payment of annual salaries which shall be received in lieu of all other fees, commissions or compensations which they would otherwise be authorized to retain. Therefore, since the salary of the County Judge of your county has been set by the Commissioners' Court under authority of Section 13 of said Salary Law, which is to be received by him in lieu of all other compensations for his services as such County Judge, it is our opinion that he is not entitled to the fees and commissions earned under Article 3926, Section 1, and that your question should be and it is answered in the negative.

Trusting that this fully answers your inquiry, we are

APPROVED AUG 27, 1943

*RWFairchild*

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY *Jas. W. Bassett*
   Jas. W. Bassett
    Assistant

JWB/pw





APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN